**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ERIC MILLER,<br><br>Plaintiff,<br><br>v.<br><br>ZEROFOX HOLDINGS, INC., JAMES C. FOSTER, TODD P. HEADLEY, SAMSKRITI KING, ADAM GERCHEN, THOMAS F. KELLY, TERESA H. SHEA, BARBARA STEWART, and PAUL HOOPER,<br><br>Defendants. | Case No. _____________<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff Eric Miller ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE AND SUMMARY OF THE ACTION**

1. This is a stockholder action brought by Plaintiff against ZeroFox Holdings, Inc. ("ZeroFox" or the "Company") and the members of ZeroFox's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the Board's attempt to sell ZeroFox to funds managed by Haveli Investments L.P. ("Haveli") (the "Proposed Transaction").

2. On February 6, 2024, ZeroFox entered into an Agreement and Plan of Merger with ZI Intermediate II, Inc. ("Parent") and Parent's wholly owned subsidiary, HI Optimus Merger Sub, Inc. ("Merger Sub") (the "Merger Agreement"). Parent and Merger Sub are each affiliated with Haveli Investments Software Fund I, L.P. and Haveli Investments Software Fund I Cayman L.P. (together, the "Haveli Funds"). The Haveli Funds are managed by Haveli. Pursuant to the terms of the Merger Agreement, Haveli will acquire ZeroFox for $1.14 in cash per share of ZeroFox common stock.

3. On March 18, 2024, the Board authorized the filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. Specifically, the Proxy Statement, which recommends that ZeroFox stockholders vote their shares in favor of the Proposed Transaction, contains materially incomplete and misleading information concerning, among other things: (i) the Company's financial projections; (ii) the financial analyses that support the fairness opinion provided by the Company's financial advisor Piper Sandler & Co. ("Piper Sandler"); and (iii) potential conflicts of interest faced by the Company's additional financial advisor, Stifel, and Company insiders.

4. The failure to adequately disclose such material information constitutes a violation of Sections 14(a) and 20(a) of the Exchange Act as ZeroFox stockholders need such information in order to make a fully informed decision in connection with the Proposed Transaction.

5. The special meeting for ZeroFox stockholders to vote on the Proposed Transaction is currently scheduled for April 30, 2024. It is imperative that such Exchange Act violations are promptly cured to enable Plaintiff and ZeroFox's other shareholders to make an informed decision whether to vote their shares in favor of the Proposed Transaction. Therefore, Plaintiff seeks to enjoin the stockholder vote unless and until such Exchange Act violations are cured.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District. ZeroFox's common stock trades on the Nasdaq Global Market, which is headquartered in this District, rendering venue in this District appropriate.

## THE PARTIES

9. Plaintiff is, and has been at all relevant times, the owner of shares of ZeroFox common stock.

10. Defendant ZeroFox is a Delaware corporation, with its principal executive offices located at 1834 S. Charles Street, Baltimore, Maryland 21230. ZeroFox's shares trade on the Nasdaq Global Market under the ticker symbol "ZFOX."

11. Defendant James C. Foster has been Chief Executive Officer, Chairman of the Board and a director of the Company at all relevant times.

12. Defendant Todd P. Headley has been Lead Independent Director of the Company at all relevant times.

13. Defendant Samskriti King has been a director of the Company at all relevant times.

14. Defendant Adam Gerchen has been a director of the Company at all relevant times.

15. Defendant Thomas F. Kelly has been a director of the Company at all relevant times.

16. Defendant Teresa H. Shea has been a director of the Company at all relevant times.

17. Defendant Barbara Stewart has been a director of the Company at all relevant times.

18. Defendant Paul Hooper has been a director of the Company at all relevant times.

19. Defendants identified in paragraphs 11-18 are collectively referred to herein as the "Board" or the "Individual Defendants."

**SUBSTANTIVE ALLEGATIONS**

**Background of the Company**

20. ZeroFox is a leading provider of Software-as-a-Service ("SaaS")-based external cybersecurity solutions. External cybersecurity focuses on exposing, disrupting, and responding to threats outside the traditional corporate perimeter. The Company's platform (the "Platform Business") collects and processes millions of pieces of content, rich media, posts, messages, global intelligence, and threat actor activity across the digital landscape, including social media sites, public, deep and dark web forums, mobile app stores, code repositories, representing thousands of digital platforms and discrete content sources. ZeroFox applies advanced analytics to the data it collects and processes to detect external threats to brands, people, systems, assets and data across a customer's public attack surface. The Company's adversary disruption services allow organizations to disrupt and remediate these threats. The Company also offers comprehensive response services (the "Response Business"), including breach response, incident response, and

intelligence and investigative services. ZeroFox's data breach solutions include prevention, detection, forensic services, notification, and recovery assistance.

**The Proposed Transaction**

21. On February 6, 2024, ZeroFox announced that it had entered into the Proposed Transaction, stating, in relevant part:

> Washington, D.C., – February 6, 2024 – ZeroFox Holdings, Inc. (Nasdaq: ZFOX) ("ZeroFox"), a leading provider of external cybersecurity, today announced that it has entered into a definitive agreement to be acquired by Haveli Investments, a technology-focused private equity firm, in an all-cash transaction with an enterprise value of approximately $350 million.
>
> Under the terms of the merger agreement, ZeroFox stockholders will receive $1.14 per share in cash upon completion of the transaction. The per share purchase price represents a premium of 45% over the volume weighted average price for the 90-day day period ending February 2, 2024.
>
> "We are on a mission to protect our customers from advanced external cybersecurity threats. The volume and sophistication of these attacks continue to increase each week, and our customers need true partners that are aligned with them for years to come," said James C. Foster, Founder, Chairman and Chief Executive Officer of ZeroFox. "With Haveli Investments, ZeroFox has identified a strong partner with the right combination of high growth software experience, strategic and operational resources, and a shared passion and commitment to external cybersecurity. We believe that this transaction represents a compelling outcome for ZeroFox stockholders, particularly given the volatility in the market, and best positions ZeroFox for our next phase of growth."
>
> "We're excited to partner with ZeroFox, a leader in Digital Risk Protection and Threat Intelligence," said Ian Loring, Senior Managing Director and Executive Chair of the Haveli Investments Software Fund. "ZeroFox's innovative solutions enable organizations to proactively identify, manage, and remediate external digital threats at scale. With a large and expanding customer base, and consistent growth, ZeroFox is well positioned in an important and expanding category. We look forward to working closely with ZeroFox's talented leadership team to propel the company into its next phase of growth as the cybersecurity landscape continues to evolve."
>
> "A special committee of the ZeroFox board conducted a thorough evaluation of capital structure alternatives, which included multiple discussions and interactions with a number of financial and strategic partners," said Todd Headley, Lead Independent Director of the ZeroFox Board of Directors. "During this

> comprehensive process it became clear that partnering with Haveli Investments was the best path forward for customers, employees, and maximizing stockholder value."
>
> **Transaction Details**
>
> The transaction, which was unanimously approved and recommended by a Special Committee comprised of independent members of ZeroFox's Board of Directors and unanimously approved by ZeroFox's Board of Directors, is expected to close in the first half of 2024, subject to customary closing conditions, including approval by ZeroFox stockholders and the receipt of required regulatory approvals.
>
> The transaction is not subject to a financing condition.
>
> Upon completion of the transaction, ZeroFox's common stock will no longer be publicly listed on the Nasdaq Global Market, and ZeroFox will become a privately held company.
>
> **Advisors**
>
> Piper Sandler is serving as the lead financial advisor to ZeroFox and Stifel served as an additional financial advisor. Venable LLP is serving as legal advisor to ZeroFox. BTIG and Evercore are serving as financial advisors for Haveli Investments, and BTIG is serving as structuring advisor on debt financing to Haveli Investments. Ropes & Gray LLP is serving as legal advisor to Haveli Investments.

**<u>The Materially Incomplete and Misleading Proxy Statement</u>**

22. On March 18, 2024, the Board caused to be filed a materially incomplete and misleading Proxy Statement with the SEC. The Proxy Statement, which recommends that ZeroFox stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (i) the Company's financial projections; (ii) the financial analyses that support the fairness opinion provided by the Company's financial advisor Piper Sandler; and (iii) potential conflicts of interest faced by Stifel and Company insiders.

*<u>Material Misrepresentations and/or Omissions Concerning Financial Projections for ZeroFox</u>*

23. The Proxy Statement fails to disclose material information concerning the financial projections for the Company.

24. For example, according to the Proxy Statement, at an October 13, 2023 special committee of the Board ("Special Committee") meeting:

> Timothy S. Bender, the Company's Chief Financial Officer, presented a draft financial model to the Special Committee, which had been distributed to the Special Committee in advance of the meeting. Following this discussion, the Special Committee asked questions and provided feedback on the financial model. The Special Committee then directed management to share a revised draft of the model with the full Board after updating the model to reflect the Special Committee's feedback.

Proxy Statement at 36. Then at an October 16, 2023 Board meeting, "Mr. Bender presented management's financial model, which incorporated the comments received from the Special Committee at its October 13, 2023 meeting, to the Board. The Board reviewed and discussed the financial model and provided feedback to Company management." *Id.* The Proxy Statement, however, fails to disclose a summary of: (i) the draft financial model that Mr. Bender presented to the Special Committee on October 13, 2023 (the "October 13 Model"); (ii) the Special Committee's feedback on the October 13 Model; (iii) the revised financial model Mr. Bender presented to the Board on October 16, 2023 that incorporated the Special Committee's feedback (the "October 16 Model"); (iv) the Board's feedback to Company management on the October 16 Model; and (v) any changes made to the October 16 Model to arrive at the "October 2023 Projections" set forth on page 55 of the Proxy Statement.

25. Additionally, the Proxy Statement fails to disclose a summary and quantification of the assumptions underlying the "January 2024 Projections" relied upon by Piper Sandler in connection with the financial analyses underlying its fairness opinion, including the Board's and

Company management's basis for revising the January 2024 Projections downward from the October 2023 Projections.

26. Moreover, with respect to the Company's "October 2023 Projections" and "January 2024 Projections," the Proxy Statement fails to disclose all line items underlying the Company's: (i) Adjusted EBITDA; and (ii) Free Cash Flow. In addition, with respect to the "January 2024 Projections," the Proxy Statement fails to disclose all line items underlying the Company's: (i) Unlevered Free Cash Flow—Platform; and (ii) Unlevered Free Cash Flow—Response.

*Material Misrepresentations and/or Omissions Concerning Piper Sandler's Financial Analyses*

27. The Proxy Statement fails to disclose material information concerning Piper Sandler's financial analyses.

28. With respect to Piper Sandler's *Discounted Cash Flow Analysis* of the Platform Business, the Proxy Statement fails to disclose a quantification of: (i) the terminal values of the Platform Business; and (ii) the inputs and assumptions underlying the discount rates ranging from 14.2% to 15.2%.

29. With respect to Piper Sandler's *Discounted Cash Flow Analysis* of the Response Business, the Proxy Statement fails to disclose a quantification of the inputs and assumptions underlying the weighted average cost of capital of 20.1%.

30. With respect to Piper Sandler's *Selected Public Companies Analysis* of the Whole Company and the Platform Business and *Selected M&A Transactions Analysis* of the Platform Business, the Proxy Statement fails to disclose the individual multiples and financial metrics for each of the selected companies and transactions analyzed by Piper Sandler, respectively.

31. With respect to Piper Sandler's *Premiums Paid Analysis*, the Proxy Statement fails to disclose: (i) the identities of the transactions reviewed by Piper Sandler; and (ii) the individual premiums for each transaction.

*Material Misrepresentations and/or Omissions Concerning Stifel's and Company Insiders' Potential Conflicts of Interest*

32. The Proxy Statement fails to disclose material information concerning potential conflicts of interest faced by Stifel.

33. According to the February 6, 2024 press release announcing the Proposed Transaction, "Stifel served as an additional financial advisor" to the Company in connection with the Proposed Transaction. The Proxy Statement, however, fails to disclose: (i) a summary of any financial analyses Stifel performed for the Special Committee, the Board and/or Company management; (ii) the terms of Stifel's engagement, including the fees Stifel stands to receive in connection with the services performed and the portion of any fee contingent upon closing of the Proposed Transaction; and (iii) the details of any services Stifel has performed for any parties to the Merger Agreement or their affiliates in the prior two years and any fees received in connection with such services.

34. The Proxy Statement also fails to disclose material information concerning potential conflicts of interest faced by Company insiders.

35. Specifically, the Proxy Statement fails to disclose whether any of Haveli's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation. The Proxy Statement further fails to disclose the details of any employment and retention-related discussions and negotiations that occurred between ZeroFox directors and officers and Haveli.

36. In sum, the omission of the above-referenced information renders statements in the "Certain Financial Projections," "Opinion of Piper Sandler," "Background of the Merger," and "Interests of the Company's Directors and Executive Officers in the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of ZeroFox will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## <u>COUNT I</u>

### Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and ZeroFox

37. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

38. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. ZeroFox is liable as the issuer of these statements.

39. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

40. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

41. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

42. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

43. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

44. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

**COUNT II**

**Claims for Violation of Section 20(a) of the Exchange Act Against the Individual Defendants**

45. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

46. The Individual Defendants acted as controlling persons of ZeroFox within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of ZeroFox and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

47. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after

these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

48. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

49. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

50. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of ZeroFox, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction, including the stockholder vote on the Proposed Transaction, unless and until defendants disclose the material information identified above which has been omitted from the Proxy Statement;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Directing the Individual Defendants to file a Proxy Statement that does not contain any untrue statements of material fact;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Dated: April 10, 2024

**ACOCELLI LAW, PLLC**

By */s/ Richard A. Acocelli*

Richard A. Acocelli
53 Hill Street, Suite 152
Southampton, NY 11968
Tel: (631) 204-6187
Email: racocelli@acocellilaw.com

*Attorneys for Plaintiff*